UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  17-cv-61525-BLOOM

ERICK LIPNACK,

      Plaintiff,

vs.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,
a foreign corporation,

      Defendant.

_____/

**ANSWER AND AFFIRMATIVE DEFENSES**

The Defendant, NATIONAL UNION FIRE INSURANCE COMPANY of PITTSBURGH PA, ("NATIONAL"), by and through undersigned counsel, hereby Answers the Plaintiff, ERIC LIPNACK's, Complaint and Asserts the following Affirmative Defenses:

1. Admitted that Plaintiff is attempting to assert an action for declaratory judgment. Denied Plaintiff is entitled to same.

2. Admitted.

3. Admitted that Defendant is a foreign corporation who sells insurance in Florida. Balance denied.

4. Denied.

5. Admitted in part.  The subject policy contains numerous provisions, terms and conditions which affect the veracity of the allegations in this paragraph.

6. Defendant is without knowledge as to the allegations of this paragraph; therefore denied.

7.      Defendant is without knowledge as to the allegations of this paragraph; therefore denied.

8.      Defendant is without knowledge as to the allegations of this paragraph; therefore denied.

9.      Defendant is without knowledge as to the allegations of this paragraph; therefore denied.

10.      Defendant is without knowledge as to the allegations of this paragraph; therefore denied.

11.      Defendant is without knowledge as to the allegations of this paragraph; therefore denied.

12.      Defendant is without knowledge as to the allegations of this paragraph; therefore denied.

13.      Defendant is without knowledge as to the allegations of this paragraph; therefore denied.

14.      Denied.

15.      Denied.

16.      Admitted that Plaintiff lives in Broward.  Defendant is without knowledge as to the remainder of the allegations of this paragraph; therefore denied.

17.      Denied.

## **AFFIRMATIVE DEFENSES**

1.      Defendant affirmatively avers that Plaintiff has failed to state a claim upon which relief can be granted.

2.      Defendant affirmatively avers that Chapter 86 Florida Statutes does not apply in this forum.

3.      Defendant affirmatively avers that the rights and obligations of the parties are governed by the general maritime law of the United States and not Florida law.

4.      Defendant affirmatively avers that the general maritime law of the United States does not contain any provision for attorney's fees.

5.      Defendant affirmatively avers that Plaintiff has failed to mitigate his damages.

6.      Defendant affirmatively avers that the loss is excluded under the policy because the loss was caused by manufacturing defects or defects in design.

7.      Defendant affirmatively avers that because of Plaintiff's conduct, acts and omissions, Plaintiff has waived any claim to damages alleged in the complaint.

8.      Defendant affirmatively avers that Plaintiff's claims are subject to the terms and conditions of the subject insurance policy.

9.      Defendant affirmatively avers that Plaintiff breached the subject insurance policy excusing performance by Defendant.

10.     Defendant affirmatively avers that Plaintiff has failed to join necessary and indispensable parties including but not limited to Top Notch Marine of Pompano, Inc. and Cobalt Boat Company.

11.     Defendant reserves the right to amend its affirmative defenses as investigation and discovery continue.

CASE NO.:  17-cv-61525-BLOOM
Page 4

Dated:   August 2, 2017

Respectfully submitted,

 /s/ Craig P. Liszt
**David J. Horr**
Florida Bar No. 310761
dhorr@admiral-law.com
**Craig P. Liszt**
Florida Bar No. 63414
cliszt@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
***Attorneys for Defendant***

/1212596/316

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on August 2, 2017, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

 /s/ Craig P. Liszt
**Craig P. Liszt**
Florida Bar No. 63414
cliszt@admiral-law.com
***Attorneys for Defendant***

CASE NO.:  17-cv-61525-BLOOM
Page 5

## SERVICE LIST

**Elliott D. Goldberg**
Florida Bar No. 133770
elliottglaw@hotmail.com
One East Broward Blvd.
Suite 700
Fort Lauderdale, FL  33301
Telephone: (954) 493-7400
Facsimile:  (954) 493-7700
***Attorneys for Plaintiff***

**David J. Horr**
Florida Bar No. 310761
dhorr@admiral-law.com
**Craig P. Liszt**
Florida Bar No. 63414
cliszt@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
***Attorneys for Defendant***