UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-61525-BLOOM/Valle



ERIC LIPNACK,

    Plaintiff,

vs.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURG, PA.,
an AIG Company domiciled in Pennsylvania,
a foreign corporation,

    Defendant.
_____/

## MOTION TO REMAND ACCOMPANIED BY MEMORANDUM OF LAW

Plaintiff ERIC LIPNACK, through undersigned counsel and pursuant to the Court's Order on Post-Removal Procedures filed August 2, 2017, respectfully moves to remand this case to the Broward County Circuit Court where it was filed and as and for good cause states:

1. In its Notice of Removal and related papers, Defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA. failed to meet its burden of showing that this case seeking a declaration of coverage under a policy of property casualty insurance is removable pursuant to 28 U.S.C § 1332 (Diversity of Citizenship).[1]

2. 28 U.S.C § 1332 states in pertinent part:

"(a) The district courts shall have original jurisdiction of all civil actions

---

[1] Defendant also sought removal pursuant to 28 U.S.C. § 1333 but as shown below there is patently *no* admiralty or maritime jurisdiction in this case.

1

> *where the matter in controversy exceeds the sum or value of $75,000,* exclusive of interest and costs, and is between—
>
> (1) citizens of different States ..."

(emphasis added)

    3. Nowhere on the face of Plaintiff's *Amended Complaint for a Declaration of Coverage Under a Policy of Property Casualty Insurance* which is attached to Defendant's Notice of Removal is it alleged that this is an action *where the matter in controversy exceeds the sum or value of $75,00* which is a required element of the Court's diversity jurisdiction.

    4. Defendant is an insurance company voluntarily licensed in the State of Florida but seeking to remove this coverage dispute from the state court where it was filed and thus to avoid regulation by the state by removing itself from the state's legal system.

    5. Accordingly, as the amount in controversy requirement of 28 U.S.C § 1332 has not been, met, this declaration of coverage action should be remanded to the Broward County Circuit Court where it was brought.

### Memorandum of Law

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994). The statute in question absolutely requires that, for diversity jurisdiction to exist, the amount in controversy must exceed the sum of $75,000.00.

In <u>Freeland v. Liberty Mutual Fire. Ins. Co.</u>, 632 F.3d 250 (6th Cir. 2011), the court of appeals held that the amount in controversy requirement is a minimum amount of money which the plaintiff claims is owed to him. Since the enactment of the Federal Courts Improvement Act of 1996, 28 U.S.C. §1332(a) has provided that a claim for relief must *exceed* the sum or value of $75,000, exclusive of interest and costs and without considering counterclaims.

In other words, the amount in controversy must be equal to or more than $75,000.01, and (in a case which has been removed from a state court to the federal court) a federal court must remand a case back to state court even if the amount in controversy is exactly $75,000.00.  <u>Id.</u>

Courts will use the legal certainty test to decide whether the dispute is over $75,000.00.  Under the legal certainty test, the court will accept the pleaded amount unless it is legally certain that the pleading party cannot recover more than $75,000.00.

Here, Plaintiff's complaint does not plead any amount.  It merely seeks declaratory and injunctive relief pertaining to his right to coverage under the insurance policy attached to the complaint.  It is insufficient for jurisdictional purposes whether Defendant chooses to argue that the amount in controversy requirement is "more likely than not" met.  Under <u>Freeland,</u> what matters is the amount Plaintiff claims is owed to him or the amount the parties agree is in dispute, period.

In <u>Freeland</u>, the absence of that single penny deprived the district court of subject matter jurisdiction under diversity of citizenship.  See, also, <u>Larkin v. Brown</u>, 41 F.3d 387, 389 (8th Cir. 1994).

3

Moreover, there is *no* admiralty or maritime jurisdiction in this case pursuant to 28 U.S.C. § 1333. The determination of whether a case is really an admiralty case that triggers admiralty jurisdiction is not as straightforward as it might seem. Admiralty jurisdiction is not determined by the mere involvement of a vessel in the case or even by the occurrence of an event on a waterway.

As a general rule, a case is within admiralty jurisdiction if it arises from an accident on the navigable waters of the United States and involves some aspect of maritime commerce such as when two vessels collide or when a seaman is injured on a vessel in service. A case is also within admiralty jurisdiction if it involves a contract relating to "the navigation, business or commerce of the sea" such as the charter of a vessel, or the carriage of cargo. Finally, a case is within admiralty jurisdiction if it involves a crime committed on the high seas against a U.S. vessel or a U.S. citizen.

Presumably, Defendant has tried to remove this action to federal court under 28 U.S.C. § 1333 because Plaintiff seeks coverage under the policy of property casualty insurance for damage to his personal watercraft while it was undergoing repairs by a third-party vendor. In pertinent part, Plaintiff's complaint alleges at paragraphs 11 and 12:

> "While in the care, custody and control of Cobalt's dealer in Broward County, Florida, Plaintiff's boat was on hard land and took on water during a rain storm. The dealer did not realize the rain water was in the boat and put it back in the water before leaving that evening.

> "The following morning, the boat's stern was sinking as the boat had taken on water overnight, enough to cover the dip stick, and water was now in the boat's engine and covering many of the boat's electronics. Among other things, one of the boat's engines has failed and the gauges do not function."

It is manifestly clear that this is *not* a case that invokes the Court's admiralty or maritime jurisdiction.

WHEREFORE, Plaintiff ERIC LIPNACK, having shown that this case was improperly removed, respectfully prays that the Court will remand this action to the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, where it was brought and assigned "Case No.: CACE17006680."

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was sent via e-mail this 30th day of August, 2017 to: Craig Patrick Liszt, Esq., Attorney for Defendant, cliszt@admiral-law.com and thru PACER.

s/ Elliott Goldberg

Elliott Goldberg, Esq.
Florida Bar No. 0133770
Attorney for Plaintiff
One East Broward Blvd., Ste. 700
Fort Lauderdale, FL 33301
Tel. (954) 493-7400
E-mail: elliottglaw@hotmail.com