UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-61525-BLOOM/Valle

ERICK LIPNACK,

    Plaintiff,
v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

    Defendant.
_____/

## ORDER ON MOTION TO REMAND

**THIS CAUSE** is before the Court upon Plaintiff Erick Lipnack's ("Mr. Lipnack" or "Plaintiff") Motion to Remand. ECF No. [13] (the "Motion"). These proceedings arise from an action originally filed by Mr. Lipnack in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. Mr. Lipnack moves the Court to remand proceedings back to state court. Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union" or "Defendant") opposes the Motion. For the reasons set out below, Mr. Lipnack's Motion is denied.

### I. BACKGROUND

On or about July 28, 2017, Mr. Lipnack, a Florida resident, filed an Amended Complaint against National Union, a corporation with its principal place of business in Pennsylvania, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. *See* ECF No. [1-1]. Mr. Lipnack is an insured under a policy of property casualty insurance (the "Policy") that was sold and issued by National Union. *Id.* at ¶ 4; *see also id.* at 6-21 (attaching the Policy). The Policy covers accidental, direct physical loss or damages, as well as salvage to a vessel

owned by Mr. Lipnack. *Id.* at ¶ 5. The Amended Complaint alleges that while in the care and custody of an authorized dealer in Broward County, Mr. Lipnack's vessel, while "on hard land[,] [] took on water during a rain storm." *Id.* at ¶ 11. "The dealer did not realize the rain water was in the boat and put it back in the water before leaving that evening." *Id.* As a result of the vessel having "taken on water overnight," one of the vessel's engines failed and its gauges were no longer functional. *Id.* at ¶ 12. Thereafter, a "marine vessel expert" deemed the vessel "a total loss," and Mr. Lipnack made a timely claim for his covered loss. *Id.* at ¶¶ 13-14. Through his Amended Complaint, Mr. Lipnack seeks from the state court a declaratory judgment establishing his coverage rights against National Union under the Policy. *See id.* at 1, 3-4.

On August 1, 2017, National Union filed a timely Notice of Removal based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, asserting that the amount in controversy in this case exceeds $75,000. ECF No. [1] at ¶¶ 4-5. Mr. Lipnack now moves for remand, pointing out that the Amended Complaint "does not plead any" amount in controversy, but instead "merely seeks declaratory and injunctive relief pertaining to his right to coverage under the [Policy] attached to the [Amended Complaint]." ECF No. [13] at 3. According to Mr. Lipnack, this is insufficient to satisfy National Union's burden of demonstrating that this case is removable under 28 U.S.C. § 1332.

## II. DISCUSSION

"A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the

evidence that the amount in controversy exceeds the jurisdiction requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also* 28 U.S.C. § 1332(a). "To determine whether this standard is met, a court first examines whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (citation omitted). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id*. (citation omitted).

"[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (citations omitted). The use of reasonable inferences and deductions is permissible to show the amount that is in controversy in the case. *See id.* "However, courts must be mindful that removal statutes are construed narrowly and that any uncertainties are resolved in favor of remand." *Chiu v. Terminix Co. Int'l, L.P.*, 2016 WL 1445089, at *1 (M.D. Fla. Apr. 13, 2016) (citing *Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

Here, the Court finds that National Union has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. Although the Amended Complaint does not itself claim a specific amount, it does refer to the damage sustained by Mr. Lipnack's vessel as a "total loss." *See* ECF No. [1-1] at ¶¶ 13, 16. Similarly, in two pre-suit demand letters, Mr. Lipnack, through counsel, asserted that the vessel is a total loss. *See* ECF No. [17-1] ("Dr. Lipnack's vessel is a total loss and therefore unusable . . . ."); ECF No. [17-2] ("Simply stated, Lipnack's vessel, which has now been declared a total loss, is covered by [the Policy]."). That Mr. Lipnack has consistently maintained that the damage to his vessel constitutes a total loss is

dispositive. Specifically, the Policy—referenced in, and attached to, the Amended Complaint—defines a "total loss" to the vessel as when "the vessel is completely lost or destroyed" or when "the cost of recovering and/or repairing the vessel is greater than the amount of insurance shown on the Declarations Page." ECF No. [1-1] at 10. The Policy's Declarations Page, in turn, provides that the "Amount of Insurance" for property damage is $103,000.00. *Id.* at 7.

Importantly, Mr. Lipnack does not dispute the applicability of the Policy's "Amount of Insurance" definition for a total loss. Nor does Mr. Lipnack squarely address his continuing assertion that his vessel constitutes a total loss for purposes of the Policy. Rather, in his Reply, Mr. Lipnack directs the Court's attention to an email received from National Union's counsel on June 22, 2017, which expresses National Union's view that "the cost to repair the damage to the vessel is just shy of $45,000." ECF No. [19] at 1 (quoting ECF No. [19] at Exh. 1). Notably, Mr. Lipnack's counsel "rejected" the estimate presented in the June 22, 2017 email. *See* ECF No. [19] at Exh. 1.

What the Court is presented with, then, are the parties' competing views as to the amount of damage sustained by Mr. Lipnack's vessel for purposes of the Policy. But in this context, "[t]he Court gives preference to Plaintiff's own assessment of the value of [his] case." *Castellanos v. Target Corp.*, 2011 WL 384292, at *3 (S.D. Fla. Feb 3, 2011) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994)). By the plain terms of the Policy, Mr. Lipnack's assessment of the value of this case as a total loss for purposes thereunder—as reflected by the Amended Complaint and the two pre-suit demand letters—is well over $75,000. As such, the Court finds that National Union has met its burden of demonstrating that the amount in controversy exceeds the jurisdictional threshold.

## III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand, **ECF No. [13]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 27th day of September, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record